1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT KEIGWIN,<br><br>                               Petitioner,<br><br>v.<br><br>J. LIZARRAGA,<br><br>                               Respondent. | Case No.:  3:16-cv-01451-GPC-NLS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, AND DISMISSING PETITION AS MOOT**<br><br>**[ECF Nos. 14, 17.]** |

On June 10, 2016, Petitioner Kent Keigwin ("Petitioner"), a state inmate proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his judgment of conviction in the Superior Court of California in San Diego.  (Dkt. No. 1.)  On October 12, 2016, Respondent J. Lizarraga ("Respondent") filed a motion to dismiss the Petition, requesting that the Court dismiss the Petition as moot, because Petitioner died on August 8, 2016. (Dkt. No. 14 at 2, 4.)

Before the Court is a Report and Recommendation ("Report") issued by Magistrate Judge Nita L. Stormes recommending that this Court grant Respondent's motion to

dismiss and dismiss the Petition as moot.  (Dkt. No. 17.)  For the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's Report, **GRANTS** Respondent's motion to dismiss the Petition, and **DISMISSES AS MOOT** the Petition.

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation.  The district judge must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

In this case, the Court may adopt the Report on the basis that it is unopposed.  *See Reyna-Tapia*, 328 F.3d at 1121.  Where a habeas petitioner dies while the petition is pending, the petition must be dismissed as moot.  *Garceau v. Woodford*, 399 F.3d 1101 (9th Cir. 2005); *Griffey v. Lindsey*, 349 F.3d 1157 (9th Cir. 2003).  Respondent provided proof that Mr. Keigwin died on August 8, 2016.  (Dkt. No. 14 at 4.)  Accordingly, the Court **ADOPTS** the Magistrate Judge's Report, **GRANTS** Respondent's motion to dismiss the Petition, and **DISMISSES AS MOOT** the Petition.

**IT IS SO ORDERED.**

Dated:  December 15, 2016

Hon. Gonzalo P. Curiel
United States District Judge